FILED

2019 SEP 26 AM 11: 24

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT
## OF GUAM

| | |
|---|---|
| DEPARTMENT OF CORRECTIONS, GOVERNMENT OF GUAM ) ) ) | Case No. SP0164-16 |
| Petitioner, ) ) | |
| vs. ) ) | **DECISION AND ORDER** |
| CIVIL SERVICE COMMISSION, ) ) | |
| Respondent, ) ) | |
| ERIC S.N. SANTOS, ) ) | |
| Real Party in Interest ) ) | |

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on the Department of Corrections' ("DOC") Petition for Writ of Mandate or Judicial Review filed September 26, 2016. Attorney Joshua D. Walsh represents Real Party in Interest Eric S.N. Santos ("Santos"). Assistant Attorney General David J. Highsmith represents DOC. Attorney R. Todd Thompson represents Respondent Civil Service Commission ("CSC"). Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order.

Page 1 of 9

## BACKGROUND

DOC filed its Petition for Writ of Mandate or Judicial Review on September 26, 2016. DOC argues CSC exceeded its authority in reconsidering its August 14, 2016 decision to terminate Santos's employment at DOC. On October 14, 2016, Santos filed a Verified Answer to the Petition. On June 20, 2019, Santos filed his Opening Brief. DOC filed its Reply Brief on July 16, 2019. The Court took the matter under advisement on July 19, 2019.

## ISSUES

1. Whether DOC violated the sixty-day rule in terminating Santos.

2. Whether CSC appropriately exercised its authority to reconsider its own decisions.

## FACTS

1. DOC is a line agency of the Government of Guam and is organized and operated pursuant to the laws of Guam.

2. On August 1, 2013, Santos was employed by DOC as a Corrections Officer when he allegedly caused an altercation with another DOC Corrections Officer, Officer R.G. Pablo ("Pablo") in the presence of DOC detainees at the Hagåtña Detention Facility.

3. On that same day, Pablo informed supervising officers in command positions and generated an incident report at the request of Corporal Siguenza, who was the most senior officer in command at the time.

4. DOC's main office received Pablo's incident report on August 8, 2013, and it was read by the Director of DOC on that same day.

5. DOC issued a Final Notice of Adverse Action against Santos on October 5, 2013 – 65 days after the alleged altercation with Pablo and Corporal Siguenza learning of the incident, but only 58 days after the Director of DOC received the incident report.

6. Santos appealed his termination to CSC and his appeal was heard as Adverse Action

Appeal No. 13-AA30T. Santos's appeal was based upon an allegation that DOC had violated the sixty-day rule.

7. On April 14, 2016, CSC denied Santos's appeal and ordered a hearing on the merits. Thereafter, CSC found in favor of DOC and sustained Santos's termination.

8. On April 25, 2016, Santos filed a Motion to Reconsider the CSC decision based upon a mistake of law.

9. On August 30, 2016, CSC reconsidered its initial position and issued a Decision and Order vacating the April 14 Decision, finding that DOC had violated the sixty-day rule and therefore ordered Santos be restored to his position with DOC and receive back-pay and benefits.

10. DOC filed a Petition for Writ of Mandate or Judicial Review on September 26, 2016.

## PRINCIPLES OF LAW

### I. Standard of Review

On judicial review of a CSC decision, courts must "properly determine[] that the CSC's decision was in accordance with the law and supported by substantial evidence." *Guam Waterworks Auth. v. Civil Serv. Comm'n (Mesngon),* 2014 Guam 35 ¶ 5. The Court must "review all conclusions of law *de novo,* and will hold unlawful and set aside any agency action, findings and conclusions found to be irrational, or otherwise not in accordance with law or unsupported by substantial evidence in a case." *Id.* (internal citations omitted).

If a statute is silent or ambiguous, courts are to "defer to the agency's reasonable interpretation of the statute." *Carlson v. Guam Tel. Auth.,* 2002 Guam 15 ¶ 17. Deference to an agency's interpretation of a statute is appropriate when the agency has specialized knowledge in the area, but the agency interpretation is given less weight where technical knowledge is not necessary in interpreting a statute. *Id.* ¶ 18.

## II. The sixty-day rule

As set forth in 4 GCA § 4406(a), an employing agency has a limited period of time in which to provide employees notice of any proposed or final adverse action. This period of time begins to run from the point at which management "knew or should have known the facts or events which form the alleged basis for such action." *Id.* The failure to provide notice within this statutory time period renders the adverse action void. *Port Auth. of Guam v. Civil Serv. Comm'n (Guevara)*, 2018 Guam 1 ¶ 41. Since the termination of Santos, the legislature has amended 4 GCA § 4406 from a 60-day period of time to a 90-day period of time in which management must provide notice of a proposed or final adverse action to an employee. Guam Pub. L. 34-145:1 (Dec. 13, 2018). Because the facts of this case occurred while the prior version of the rule was in place, the 60-day rule remains applicable here. *Port Auth. of Guam v. Civil Serv. Comm'n (Susuico)*, 2019 Guam 15 ¶ 11.

## III. CSC's authority to reconsider its own decision

The Guam Supreme Court has adopted a three-part test for CSC to implement when determining whether to reconsider its decisions: (1) there must be good cause shown; (2) the petition for reconsideration must be reasonably exercised; and (3) the petition must be made with reasonable diligence. *Blas v. Customs and Quarantine Authority*, 2000 Guam 12 ¶ 32.

The Court of Appeal for California's Fourth District has held that a mistake of law constitutes good cause for an administrative board to reconsider one of its prior decisions. *Arias v. Worker's Comp. Appeals Bd.*, 146 Cal.App.3d 813, 821 (1983).

## ANALYSIS

## I. DOC did not violate the sixty-day rule

The factual findings of CSC are not in dispute. The incident which led to Santos's termination occurred on August 1, 2013. Colonel Siguenza was the Acting Commander of the

facility at the time and became aware of the incident on the day the incident occurred. On the same day of the incident, Colonel Siguenza ordered an investigation of the allegations against Santos. On August 8, 2013, the Director of DOC received a report about the incident. Santos was terminated on October 5, 2013, which is 65 days after Colonel Siguenza learned of the incident, but only 58 days after the Director of DOC learned of the incident. Therefore, a determination of whether the sixty-day rule was satisfied depends on whether Colonel Siguenza falls within Section 4406's definition of "management," which is a question of law to be reviewed by this court *de novo. Mesngon,* 2014 Guam 35 ¶ 5.

The term "management" was not defined in 4 GCA § 4406 when CSC issued either of its decisions in this case. DOC argues that the term "management" as used in Section 4406 refers only to the appointing authority for DOC, which is the Director. Santos argues for a much broader interpretation which includes employees in supervisory roles such as Corporal Siguenza.

Undefined terms in a statute are generally ascribed their common ordinary meaning. *Carlson v. Guam Tel. Auth.,* 2002 Guam 15 ¶ 34. The Supreme Court of Guam has previously turned to Webster's Dictionary in order to determine the ordinary meaning of a word. *See e.g., Port. Auth. of Guam v. Civil Serv. Comm'n,* 2018 Guam 9 ¶ 19; *Carlson v. Guam Tel. Auth.,* 2002 Guam 15 ¶ 35. Webster's Dictionary defines "management" in this context as such: "[T]he collective body of those who manage or direct an enterprise." *Management,* Merriam–Webster, http://www.merriam-webster.com/dictionary/management (last visited Sept. 21, 2019). This definition supports Santos's argument that "management" has a broad definition which includes employees other than solely the Director of DOC. Corporal Siguenza, while allegedly not having the authority to terminate Santos, held a supervisory role within DOC and directed the actions of lower employees. Additionally, Corporal Siguenza was on occasion the

most senior officer of the Hagåtña DOC facility, including on the day of the incident. At such times Corporal Siguenza was tasked with using his discretion to conduct the facility's operations and affairs.

The Court also looks to legislative intent in determining the meaning of "management." *See In re I Mina'Trentai Dos Na Liheslaturan Guahan*, 2014 Guam 24 ¶ 13. In its decision on Santos's Motion to Reconsider, CSC used the following reasoning: "We note that the legislature could have drafted section 4406 to designate such individuals, rather than use the more inclusive term 'management' instead." Pet. Ex. C at 3 (Sep. 26, 2016). The Court agrees. The Legislature could have easily stated that the sixty days begins to run at the time the Director of DOC learns of a certain event, but instead chose to use the term "management," which implies more than one individual.

Further, the Court notes that the Guam Legislature has since amended Section 4406 to include the following:

> As used in this Subsection, "management" means the appointing authority of a government department, agency, or instrumentality, or any deputy, division head, or other senior assistant of the appointing authority, however designated, having administrative power to implement management policy and the supervisory responsibility to directly advise the appointing authority regarding an adverse action or other personnel decision involving an employee of the department, agency, or instrumentality.

4 GCA § 4406(b)(2); P.L. 34-145 (Dec. 19, 2018). While the new version of Section 4406 cannot be applied retroactively, the amendment is persuasive in determining how to apply the previously ambiguous law. "Where a former statute is amended, or a doubtful interpretation of a former statute rendered certain by subsequent legislation, it has been held that such amendment is persuasive evidence of what the Legislature intended by the first statute." *Sheriff, Washoe Cty. v. Smith*, 91 Nev. 729, 734 (1975). "There are no principles of construction which prevent the utilization by the courts of subsequent enactments or amendments as an aid in

arriving at the correct meaning of a statute. *Hot Springs Indep. Sch. Dist. No. 10 v. Fall River Landowners Ass'n*, 262 N.W.2d 33, 38 (S.D. 1978).

For the reasons above, the Court finds that CSC's interpretation of "management" is fair, reasonable, and aligned with the legislative intent of the 60-day rule. The Court now turns to the question of whether CSC acted properly in reconsidering its initial Decision and Judgment.

**II.  CSC's appropriately exercised its authority to reconsider its own decision**

DOC argues that CSC exceeded its authority in reversing its initial Decision which upheld Santos's termination. CSC may reconsider a past decision if (1) good cause is shown; (2) the reconsideration is reasonably exercised; and (3) the petition seeking its exercise is made with reasonable diligence. *Blas*, 2000 Guam 12 ¶ 32.

*a.  Good cause was shown for CSC to reconsider its initial decision.*

DOC contends that there was no "good cause" for CSC to reverse its decision, as there were no new facts before CSC to influence a new decision. The Court disagrees. While there may not have been any new facts before CSC, a showing of a mistake of law, as existed here, constitutes good cause for an agency to reconsider a prior decision.

In deciding to reconsider its first decision, CSC cited to a decision it made in a past CSC appeal, that is the case of *John E. Strattard v. Guam Police Department*, Case No. CY87-AA04, which implemented a broad definition of "management." CSC also cited to the Judiciary of Guam's parallel sixty-day rule[1] regarding adverse actions, which includes a broad definition. Both of these precedents, while not necessarily binding upon CSC in this particular

---

[1] Guam Judicial Resolution No. 04-0416.

case, are persuasive authorities which CSC properly considered in determining how to interpret the sixty-day rule.

"The denial to such tribunals of the authority to correct error and in justice [sic] and to revise its judgments for good and sufficient cause would run counter to the public interest." *Handlon v. Town of Belleville*, 71 A.2d 624, 627 (N.J. 1950). CSC was not aware of these two persuasive authorities at the time it rendered its first decision. While no new facts were before CSC on reconsideration, these new authorities led to CSC finding that the first decision was erroneous due to a mistake of law. It would be detrimental to public policy to deny administrative agencies the authority to reconsider their past decisions based upon errors of law. This is especially true in instances such as this where CSC was confronted with one of its own prior rulings, as it is essential that CSC demonstrate consistency in its determinations in order to ensure predictability of the administrative system.

b.   *CSC's reconsideration was reasonably exercised.*

Further, DOC argues that CSC's reconsideration based upon a rule borrowed from the Judiciary of Guam is improper, as Judiciary rules do not apply to DOC and ignorance of such rule at the time of the initial decision does not constitute a "mistake of law." As previously noted, CSC acted within its discretion in considering the Judiciary rule as persuasive authority. Further, CSC's reconsideration was not based solely upon the Judiciary rule, but was also based upon the much more compelling authority of CSC's prior ruling in *Strattard*.

c.   *Santos's request for reconsideration was made with reasonable diligence*

Santos filed his Motion for Reconsideration eleven days after CSC issued its initial decision upholding the termination. Eleven days is a justifiable amount of a time lapse from the

date of the initial decision to the filing of the Motion for Reconsideration. Santos's Motion was therefore made with reasonable diligence.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES DOC's Petition for Writ of Mandate or Judicial Review.

SO ORDERED, this _26th_ day of _Sept_ _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
- Camille Tang, AG's
- Civil Service Commission.

Date: 9 26 19   Time: 11:30 am

**Linda M. Perez**
Deputy Clerk, Superior Court of Guam